# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PATRICK CARROLL,**         CASE NO.

    **Plaintiff,**

v.

**WILBUR ROSS IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF COMMERCE**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, PATRICK CARROLL, hereby sues Defendant, WILBUR ROSS, and alleges:

## JURISDICTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981 and under the Age Discrimination in Employment Act (ADA)m codified at 29 U.S.C. §621 et seq. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

2. This is an action involving claims which are, individually, in excess of Seventy- Five Thousand Dollars.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, PATRICK CARROLL, has been a resident of the State of Florida and employed by Defendant. Plaintiff is a member of a protected class because of his age and because he reported unlawful employment practices and has been retaliated against thereafter.

4. At all times pertinent hereto, Defendant, WILBUR ROSS, in his Official Capacity as the SECRETARY of the UNITED STATES DEPARTMENT OF COMMERCE, has been organized and existing under the laws of the United States. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began his employment with Defendant in June, 2000 and, at all times pertinent to this action, has worked as a Fishery Observer III at Defendant's Galveston South East Program.

7. Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of his age and has been retaliated against after reporting this discrimination.

8.     Defendant formerly employed Plaintiff as a Fishery Observer III to aid in providing scientific services to the Southeast Fisheries Science Center of the National Marine Fisheries services to monitor commercial fisheries. Plaintiff worked for Defendant for thirteen years. Plaintiff's duties included deploying on fishing trips to observe fishing practices and debriefing with his supervisors upon return from deployment.

9.     Due to Plaintiff's age and in retaliation to Plaintiff reporting differences in his performance scores based on his age, Defendant subjected Plaintiff to acts of discrimination and harassment in the workplace.

10.    Defendant repeatedly challenged Plaintiff about his Fishery Level III status and made threats about his Fishery Observer III status.

11.    Plaintiff's supervisors repeatedly referred to Plaintiff's position of Fishery Observer III as "Senior Observer." Plaintiff's supervisors referred to Plaintiff as a Senior Observer in a derogatory manner, implying he was the "old observer," and had a lack of success by withholding duties from Plaintiff.

12.    For example, Defendant continually denied Plaintiff the duties that distinguish a Fishery Observer III from lower level observers. Defendant treated Kipp Jones, a younger Fishery Observer III, differently than Plaintiff. Jones would drink in the parking lot during training and Defendant did not reprimand Jones for neglecting his duties. Defendant accused Plaintiff of not performing at the level of

Fishery Observer III but did not accuse Jones of not performing at the level of senior observer. Jones was not fulfilling the requirements of the job description of Fishery Observer III. In comparison, Plaintiff fulfilled the requirements of the job description.

13. In addition, as part of the Fishery Observer III position, a yearly review of job performance is required.

14. Furthermore, Defendant lowered Plaintiff's performance score based on his age.

15. Plaintiff asked Whatley why he lowered Plaintiff's performance score. Whatley responded, "I can do whatever I want."

16. On information and belief, Whatley lowered Plaintiff's performance score based on his age because it treated a younger employee, Daniel Burke, differently when issuing performance ratings. Defendant placed Plaintiff on probation for collecting data a particular way but did not put Burke on probation for collecting data the same way Plaintiff had.

17. On or around April, 2017, Plaintiff contacted Burke and asked if he performed measurements the way Plaintiff did. Burke said that he performed the measurements the same way that Plaintiff did. Furthermore, Plaintiff asked Burke how he accounted for a particular type of shrimp called sea bobs collected on a trip.

Defendant never told Plaintiff that he had to account for the sea bobs separately. Burke was accounting for the sea bobs the same way Plaintiff was.

18. Accordingly, Defendant accused Plaintiff of failing to correctly take data, but did not accuse Burke for failing to take data down even though he performed the task the same way that Plaintiff did. Defendant accused, reprimanded, and put Plaintiff on Observer Probation as a result of lowering Plaintiff's performance score. Defendant did not accuse, reprimand, or place Burke on probation and did not lower Burke's performance score.

19. Plaintiff reported this incident to Brenda Marie Lewis. After Plaintiff reported the incident, he noticed that several Observer Coordinators and Lewis's ill treatment toward him worsened. The ill treatment included increased scrutiny of his work and age-discriminatory remarks directed at Plaintiff's "senior observer status," and repeated challenges to his Fishery Level III status.

20. On or around March 7, 2016, Plaintiff wrote an email to Brenda Lewis to file a complaint about the low scores Whatley gave him and Whatley's assertion that he could do whatever he wanted to do.

21. Soon after Plaintiff made this complaint, Defendant began to target Plaintiff. Defendant poorly treated Plaintiff, increased scrutiny of his work, gave him poor trip scores without good reason, and ostracized Plaintiff at professional

functions. Defendant began to accuse Plaintiff of being unsuccessful in his position and to contrive allegations to make Plaintiff look bad.

22. Defendant's treatment of Plaintiff continued to worsen. On or around May 13, 2016, Patrick Cryer, an NOAA employee, cancelled Plaintiff's trip and blamed Plaintiff for the cancellation. As a result of these contrived allegations against Plaintiff, Defendant gave Plaintiff a disciplinary action. In addition, Defendant refused to reimburse Plaintiff for the expenses he made when organizing the trip.

23. On or around March 27, 2017, Benjamin Duffin, an IAP employee, debriefed Plaintiff for the first time and gave him an unusually harsh score based on contrived allegations. Based on these allegations, Defendant placed Plaintiff on probation. Plaintiff contested his probation and Lewis told Plaintiff that he was an "asshole."

24. On or around July 12, 2017, Lewis contrived allegations against Plaintiff that he missed a trip.

25. On or around May, 2018, Defendant contacted Plaintiff to deploy even though Plaintiff was not on deployment status. Plaintiff did not deploy because he was assigned to debriefing status at the time and Lewis falsely accused Plaintiff of not responding to calls and not following proper procedures. Lewis erroneously cited

the observer guidelines and falsely blamed Plaintiff for not being immediately available to deploy even though Plaintiff was not allowed to deploy.

26. On or around, May 28, 2018 Plaintiff suggested to Defendant that it have its guidelines reviewed by either NOAA or IAP's lawyers because the guidelines were unclear. Plaintiff knew the guidelines were unclear because he had sent them to a business law professor at Florida State University and the professor said that the guidelines were unclear and poorly written. Plaintiff stated in an e-mail to Lewis that the guidelines should be reviewed. Lewis interpreted Plaintiff's e-mail as a threat of litigation, even though Plaintiff did not intend the e-mail to suggest any litigation.

27. On or around June 1, 2018, Lewis told Plaintiff that his threats of litigation needed to stop. Lewis falsely told Plaintiff that he had to take his complaints to NOAA Galveston Observer Program Manager Elizabeth Scott-Denton.

28. On or around June 18, 2018, Lewis pressured Plaintiff to take a demotion to Fishery Level II position or resign altogether based on contrived allegations that Plaintiff failed to perform a particular job duty. Defendant had never trained Plaintiff or anyone else to perform that job duty. Plaintiff refused to take the demotion and refused to resign.

29. Because Plaintiff said he would do neither, Lewis fired Plaintiff on June 18, 2018. Lewis claimed that she fired Plaintiff for insubordination.

30. Plaintiff suffered mental anguish as a result of the events that transpired and lost financial compensation for the job he had been performing. In addition, Plaintiff suffered unfair deployments during his employment, resulting in financial loss. Plaintiff was unemployed for about eight months.

31. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutes referenced above.

## COUNT I
## AGE DISCRIMINATION

32. Paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. This is an action against Defendant for age-based discrimination brought under 29 U.S.C. §621 et seq.

34. Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

35. Defendant failed to hire, discharged, or otherwise discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions, or privileges of employment because of, at least in part, Plaintiff's age.

36. Alternatively, Defendant deprived attempted to deprive Plaintiff of employment opportunities and/or took actions which adversely affected Plaintiff's status as an employee in that Defendant limited, segregated, or classified Plaintiff or reduced Plaintiff's wages.

37. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

38. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

39. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated a hostile, abusive, and offensive work environment within the meaning of the statutes referenced above.

40. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

41. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

42. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

43. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief, punitive damages and liquidated damages where appropriate.

## COUNT II
## RETALIATION

44. Paragraphs 1 through 31 are re-alleged incorporated herein by reference.

45. This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

46. Defendant is an employer as that term is used under the applicable statutes referenced above.

47. The foregoing unlawful actions by Defendant were purposeful.

48. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and has been the victim of retaliation thereafter.

49. The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

50. Plaintiff is a member of a protected class because she reported unlawful employment practices and has been the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

51. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record by CM/ECF this _____ day of _____, 2020.

/s/ Marie A. Mattox
Marie A. Mattox